Garrett S. Garfield, OSB No. 093634
garrett.garfield@hklaw.com
Paul Matthias-Bennetch, OSB No. 222560
paul.bennetch@hklaw.com
**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300
Fax:  503.241.8014

*Attorneys for defendant Inogen, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>    v.<br><br>INOGEN, INC.,<br><br>    Defendant. | Case No. 6:25-cv-1168-MTK<br><br>DEFENDANT INOGEN, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES |

**ANSWER**

Defendant Inogen, Inc., for its answer in this action, admits, denies, and states in correspondingly numbered paragraphs in response to the allegations of plaintiff Chet Michael Wilson's complaint as follows:

1.     Paragraph 1 is a legal assertion to which no response is required. To the extent a response to paragraph 1 is required, Inogen denies it.

2.     Inogen denies the allegations of paragraph 2.

### Jurisdiction and Venue

3. Paragraph 3 is a legal assertion to which no response is required. To the extent a response to the allegations of paragraph 3 is required, Inogen admits that this Court has subject-matter jurisdiction over claims brought under 47 U.S.C. § 227(b)(3).

4. Paragraph 4 is a legal assertion to which no response is required. To the extent a response to the allegations of paragraph 4 is required, Inogen denies them.

5. Inogen is without sufficient information to either admit or deny the allegations of paragraph 5 and therefore denies them.

### Parties

6. Inogen is without sufficient information to either admit or deny the allegations of paragraph 6 and therefore denies them.

7. Inogen admits that its headquarters are located in Goleta, California.

### Background

8. Paragraph 8 is a quotation from a legal opinion to which no response is required. To the extent paragraph 8 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

9. Paragraph 9 is a quotation from a legal opinion to which no response is required. To the extent paragraph 9 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

### Factual Allegations

10. Inogen is without sufficient information to either admit or deny the allegations of paragraph 10 and therefore denies them.

11. Inogen is without sufficient information to either admit or deny the allegations of paragraph 11 and therefore denies them.

12. Inogen is without sufficient information to either admit or deny the allegations of paragraph 12 and therefore denies them.

13. Inogen is without sufficient information to either admit or deny the allegations of paragraph 13 and therefore denies them.

14. Inogen is without sufficient information to either admit or deny the allegations of paragraph 14 and therefore denies them.

15. Inogen is without sufficient information to either admit or deny the allegations of paragraph 15 and therefore denies them.

16. Inogen is without sufficient information to either admit or deny the allegations of paragraph 16 and therefore denies them.

17. Inogen is without sufficient information to either admit or deny the allegations of paragraph 17 and therefore denies them.

18. Inogen is without sufficient information to either admit or deny the allegations of paragraph 18 and therefore denies them.

19. Inogen is without sufficient information to either admit or deny the allegations of paragraph 19 and therefore denies them.

20. Inogen admits that on or about May 12, 2025 it called the telephone number (541) 999-9999 in response to an inquiry that included express consent to receive telephone calls and left a voicemail. Inogen is without sufficient information to either admit or deny the remaining allegations of paragraph 20 and therefore denies them.

21. Inogen admits that on or about May 15, 2025 it called the telephone number (541) 999-9999 in response to an inquiry that included express consent to receive telephone calls and left a voicemail. Inogen is without sufficient information to either admit or deny the remaining allegations of paragraph 19 and therefore denies them.

22. Inogen admits that on or about May 12, 2025 it delivered text messages to the telephone number (541) 999-9999 in response to an inquiry that included express consent to receive text messages.

23. Inogen admits that on or about May 12, 2025 it delivered text messages to the telephone number (541) 999-9999 in response to an inquiry that included express consent to receive text messages, as reflected in the screenshot included in paragraph 23.

24. Inogen is without sufficient information to either admit or deny the allegations of paragraph 24 and therefore denies them.

25. Inogen is without sufficient information to either admit or deny the allegations of paragraph 25 and therefore denies them.

26. Inogen denies the allegations of paragraph 26.

27. Inogen is without sufficient information to either admit or deny the allegations of paragraph 27 and therefore denies them.

28. Inogen is without sufficient information to either admit or deny the allegations of paragraph 28 and therefore denies them.

29. Inogen denies the allegations of paragraph 29.

30. Paragraph 30 is a legal assertion to which no response is required. To the extent a response to the allegations of paragraph 30 is required, Inogen denies them.

## Class Action Allegations

31. Paragraph 31 is a legal assertion to which no response is required. To the extent a response to the allegations of paragraph 31 is required, Inogen denies them, and denies that this action is appropriate for class treatment.

32. Paragraph 32 is a legal assertion to which no response is required. To the extent a response to the allegations of paragraph 32 is required, Inogen denies them, and denies that this action is appropriate for class treatment.

33. Inogen denies the allegations of paragraph 33 and denies that this action is appropriate for class treatment.

34. Inogen denies the allegations of paragraph 34 and denies that this action is appropriate for class treatment.

35. Inogen denies the allegations of paragraph 35 and denies that this action is appropriate for class treatment.

36. Inogen denies the allegations of paragraph 36 and denies that this action is appropriate for class treatment.

37. Inogen denies the allegations of paragraph 37 and denies that this action is appropriate for class treatment.

38. Inogen denies the allegations of paragraph 38 and denies that this action is appropriate for class treatment.

39. Inogen denies the allegations of paragraph 39 and denies that this action is appropriate for class treatment.

40. Inogen denies the allegations of paragraph 40 and denies that this action is appropriate for class treatment.

41. Inogen denies the allegations of paragraph 41 and denies that this action is appropriate for class treatment.

42. Inogen denies the allegations of paragraph 42 and denies that this action is appropriate for class treatment.

43. Inogen denies the allegations of paragraph 43 and denies that this action is appropriate for class treatment.

44. Inogen is without sufficient information to either admit or deny the allegations of paragraph 44, and therefore denies them, and denies that this action is appropriate for class treatment.

45. Inogen is without sufficient information to either admit or deny the allegations of paragraph 45, and therefore denies them, and denies that this action is appropriate for class treatment.

46. Inogen is without sufficient information to either admit or deny the allegations of paragraph 46, and therefore denies them, and denies that this action is appropriate for class treatment.

47. Inogen is without sufficient information to either admit or deny the allegations of paragraph 47, and therefore denies them, and denies that this action is appropriate for class treatment.

48. Inogen denies the allegations of paragraph 48 and denies that this action is appropriate for class treatment.

49. Inogen denies the allegations of paragraph 49 and denies that this action is appropriate for class treatment.

50. Inogen denies the allegations of paragraph 50 and denies that this action is appropriate for class treatment.

51. Inogen denies the allegations of paragraph 51 and denies that this action is appropriate for class treatment.

52. Inogen denies the allegations of paragraph 52 and denies that this action is appropriate for class treatment.

53. Inogen denies the allegations of paragraph 53 and denies that this action is appropriate for class treatment.

54. Inogen denies the allegations of paragraph 54 and denies that this action is appropriate for class treatment.

55. Inogen admits that its conduct has not caused any damages. Inogen otherwise denies the allegations of paragraph 55 and denies that this action is appropriate for class treatment.

56. Inogen denies the allegations of paragraph 56 and denies that this action is appropriate for class treatment.

57. Inogen denies the allegations of paragraph 57 and denies that this action is appropriate for class treatment.

58. Inogen denies the allegations of paragraph 58 and denies that this action is appropriate for class treatment.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)

59. Inogen incorporates herein by reference all prior paragraphs of this answer.

60. Paragraph 60 is a legal assertion to which no response is required. To the extent paragraph 60 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

61. Paragraph 61 is a legal assertion to which no response is required. To the extent paragraph 61 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

62. Paragraph 62 is a legal assertion to which no response is required. To the extent paragraph 62 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

63. Paragraph 63 is a legal assertion to which no response is required. To the extent paragraph 63 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

64. Paragraph 64 is a legal assertion to which no response is required. To the extent paragraph 64 is construed to direct factual allegations against Inogen, Inogen denies the allegations.

65. Inogen denies the allegations of paragraph 65 and denies that this action is appropriate for class treatment.

66. Inogen denies the allegations of paragraph 66 and denies that this action is appropriate for class treatment.

67. Inogen denies the allegations of paragraph 67 and denies that this action is appropriate for class treatment.

## GENERAL DENIAL

Inogen denies each and every allegation of the complaint that is not specifically and expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative defenses to plaintiff Chet Wilson's claims, Inogen states as follows. In stating the following affirmative defenses, Inogen does not assume any burden of proof, persuasion, or production that would otherwise rest with plaintiff. Inogen reserves all rights to assert additional or amended defenses. Inogen specifically reserves all separate or additional defenses that it may

have against any of the members of the putative class, as they are not yet parties to this action and it is not yet possible to delineate all such defenses to their claims.

### First Affirmative Defense (Failure to State a Claim)

Plaintiff's and the putative class members' claims are barred, in whole or in part, because plaintiff's complaint fails to state a claim upon which relief can be granted. For example, plaintiff's complaint fails to allege that Inogen initiated any "telephone solicitations" to plaintiff as defined in 47 U.S.C. § 227(a)(4); fails to allege that Inogen initiated a call to a "residential" phone number as defined in 47 U.S.C. § 227(c)(1), and wrongly bases its claim in part on the alleged receipt of text messages, which are not "telephone call[s]" under 47 U.S.C. § 227(c)(5).

### Second Affirmative Defense (Compliance with Safe Harbor)

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Inogen has established and implemented reasonable practices and procedures to prevent telephone solicitations in violation of the regulations prescribed under the TCPA (*see* 47 U.S.C. § 227(c)(5)).

### Third Affirmative Defense (Consent)

Plaintiff's and the putative class members' claims are barred, in whole or in part, because on information and belief plaintiff or someone acting on plaintiff's behalf consented to receive the telephone calls and text messages alleged in the complaint.

### Fourth Affirmative Defense (No Injury or Standing)

Plaintiff and the putative class members lack standing to bring the claim alleged in the complaint because they have not suffered any concrete loss or injury in fact from Inogen's actions.

### Fifth Affirmative Defense (No Standing to Seek Injunctive Relief)

Plaintiff and the putative class members are not entitled to any injunctive relief because plaintiff has not alleged and cannot show any risk of continuing violations.

### Sixth Affirmative Defense (Equitable Defenses)

Plaintiff's and the putative class members' claims are barred , in whole or in part, under the doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

### Seventh Affirmative Defense (Unconstitutionality)

Any award of statutory damages against Inogen would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Eighth Affirmative Defense (Actions of Others)

To the extent that the complaint states a claim, third parties or plaintiff and the putative class members themselves caused or were responsible for the alleged harm.

### Ninth Affirmative Defense (Failure to Mitigate Damages)

To the extent that plaintiff or the putative class members have suffered a concrete injury, their claims and/or requested damages are barred, in whole or in part, due to their own failure to use reasonable diligence to mitigate the harm suffered.

### Tenth Affirmative Defense (No Certifiable Class)

Plaintiff's claims on behalf of the putative class members are not suitable for class certification because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not and cannot be satisfied.

### Eleventh Affirmative Defense (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because defendant Inogen did not engage in knowing or willful misconduct.

///

///

### Twelfth Affirmative Defense (Good Faith)

Any and all claims brought in plaintiff's complaint are barred because, to the extent plaintiff or any putative class members received any calls or text messages from defendant Inogen, Inogen possessed a good-faith belief that it had consent to call and text the number at issue.

### Thirteenth Affirmative Defense (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny. For example, to the extent plaintiff contends that the TCPA restricts informational assistance, plaintiff's interpretation of the TCPA violates the First Amendment.

### Fourteenth Affirmative Defense (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

### Fifteenth Affirmative Defense (Substantial Compliance)

Defendant is not liable to plaintiff (or the putative class) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### Sixteenth Affirmative Defense (Forum Non Conveniens)

Plaintiff's and the putative class members' claims may be barred in this forum as the relevant parties and evidence are located in another forum and litigating this matter here would be unduly burdensome.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the complaint and having set forth its affirmative and other defenses, Inogen prays for the following relief:

A. That judgment be awarded in Inogen's favor on plaintiff's claim and that plaintiff take nothing on his claim;

B. That the Court decline to certify any class in this action;

C. That the complaint and its claim be dismissed with prejudice;

D. That the Court enter such other or further relief in Inogen's favor as the Court deems just.

Dated this 19th day of September 2025.

                                                   HOLLAND & KNIGHT LLP

                                                   By: *s/Garrett S. Garfield*
                                                      Garrett S. Garfield, OSB No. 093634
                                                      Email: garrett.garfield@hklaw.com
                                                      Paul Matthias-Bennetch, OSB No. 222560
                                                      paul.bennetch@hklaw.com
                                                      601 SW Second Avenue, Suite 1800
                                                      Portland, OR 97204
                                                      Telephone: 503.243.2300
                                                      Fax: 503.241.8014

                                                   *Attorneys for defendant Inogen, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT INOGEN, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES to be served on the following person[s]:

Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Anthony Paronich (pro hac vice)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018

*Attorneys for plaintiff Chet Wilson*

by causing the document to be delivered by the following indicated method or methods:

☑ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via electronic mail to the parties and/or their attorneys as shown above, to the last-known e-mail addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED September 19, 2025

*s/Garrett S. Garfield*