Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INOGEN, INC.<br><br>Defendant. | Case No. 6:25-cv-1168-MTK |

**JOINT DISCOVERY PLAN AND CASE
MANAGEMENT SCHEDULE**

Pursuant to Fed. R. Civ. P 26(f) and the Court's minute order (ECF No. 18), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree to waive initial disclosures and will submit the requisite form.

1 - JOINT DISCOVERY PLAN

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

<u>Plaintiff:</u>

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Plaintiff's position is that discovery does not need to be completed in phases or be limited to or focused on particular issues.

<u>Defendant:</u>

Defendant Inogen, Inc. denies liability on Plaintiff's claim under the TCPA, and denies that class certification is appropriate in this case. Defendant anticipates seeking discovery on Plaintiff's

2 - JOINT DISCOVERY PLAN

individual claim and alleged damages, and all defenses. Defendant further anticipates seeking discovery on the requisites of FRCP 23, and on Plaintiff's suitability as a proposed class representative.

Defendant's position is that discovery should be phased proportionally to the needs of the case, with discovery on Plaintiff's individual claim and Plaintiff's suitability as a proposed class representative to be completed before any class discovery.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will likely be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party, subject to any objections such as relevance or proportionality to the needs of the case, shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will likely be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf ). To the extent any particular form of ESI is not readily reducible to a fixed image format, the parties agree to confer on an appropriate production format. The parties further agree to confer as necessary on any ESI protocol before production of ESI.

The parties do not anticipate any issue regarding electronically stored information.

Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search, and subject to any objections such as relevance and proportionality to the needs of the case. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement expressed in this paragraph to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard set out in Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be

4 - JOINT DISCOVERY PLAN

governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms, with reference to the District of Oregon's model protective order as needed. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(D) What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E) Proposed scheduling deadlines:**

1. Amend Pleadings and Add Parties: **December 1, 2025**

2. Initial Expert Disclosure Deadline: **February 28, 2026**

3. Rebuttal Expert Deadline: **March 30, 2026**

4. Discovery Cutoff: **May 1, 2026**

5. Dispositive Motions/Class Certification Motion: **May 31, 2026**

The parties propose the above deadlines based on their mutual agreement, and based on the potential complexity of discovery (including expert discovery) and motion practice in a case pleaded as a class action, including potential motions for summary judgment, motions to exclude expert testimony, and motions relating to class certification.

**(F) Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to

the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)  Magistrate Judge:**

The parties do not consent to a Magistrate Judge.

Respectfully submitted

Dated: October 2, 2025

/s/ *Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

Dated: October 2, 2025

/s/ *Garrett S. Garfield*
Garrett S. Garfield, OSB No. 093634
Email: garrett.garfield@hklaw.com
Paul Matthias-Bennetch, OSB No. 222560
paul.bennetch@hklaw.com
HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

*Attorneys for Defendant Inogen, Inc.*